UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TINA MINGO<br>307 Nevada Avenue, Suite 2316<br>Odenton, MD 21113<br><br>and<br><br>KIMBERLY WARNER<br>1152 45th Place, S.E.<br>Washington, D.C. 20019<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES<br>80 F Street, N.W.<br>Washington, D.C. 20001<br><br>LOCAL 2876 OF THE AMERICAN<br>FEDERATION OF GOVERNMENT EMPLOYEES<br>732 North Capitol Street, N.W.<br>Washington, D.C. 20401<br><br>SHAKUNTLA SINGLA<br>9405 Englefield Court<br>Fairfax Station, VA 22039<br><br>    Defendants. | Case No. |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant American Federation of Government Employees ("AFGE") and AFGE Local 2876 ("Local 2876") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a)-(b), and 1446, hereby remove to this Honorable Court for all further proceedings in the attached matter, *Mingo et al. v. Am. Fed'n of Gov't Emps., et al.*, Case No. CAL22-22467, originally filed in the Circuit Court for Prince George's County, Maryland.

1

Defendant Shakuntla Singla informed counsel for AFGE and Local 2876 that she consents to remove this case to this Court. This case turns on federal question and meets the requirements for diversity jurisdiction. Therefore, the case is properly removed to this Court. In support of removal, Defendants show the following:

1. Plaintiffs filed this action on or about July 28, 2022.

2. Defendant Local 2876 was served with the Complaint (Exhibit 1), Complaint Exhibits 1-3 (Exhibit 2), Civil-Non-Domestic Case Information Sheet (Exhibit 3) on August 23, 2022. *See* Affidavit of Service, Exhibit 4.

3. Defendant AFGE was served on August 23, 2022.

4. Defendant Singla was served on August 22, 2022.

5. Prior to service on Local 2876, on August 23, 2022, Defendant AFGE was not provided a copy of the complaint.

6. This Notice of Removal is therefore timely filed in accordance with 28 U.S.C. §1446(b) and (c).

7. Plaintiffs are members and former officers of Local 2876.

8. Defendant AFGE is a non-profit labor organization and unincorporated association representing government workers. Pursuant to the Civil Service Reform Act, AFGE, on its own and in conjunction with its affiliated councils and locals, is certified by the U.S. Federal Relations Authority ("Authority") as the exclusive representative for numerous bargaining units comprised of federal employees. *See* 5 U.S.C. §§ 7103(a)(4), 7111, 7112.

9. Defendant AFGE Local 2876 is an AFGE affiliate representing government employees of the Government Publishing Office.

10. Defendant Singla is the former local president, and current member, of Local 2876

11. Plaintiffs' claims against Defendants arise entirely out their roles and relationship with Local 2876, a labor organization solely representing federal government employees. As a result, the exclusive remedy for Plaintiffs is prescribed by federal law under the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 *et seq.* ("CSRA").

12. Plaintiffs are or were members of a bargaining unit certified under the CSRA. As a result, their remedy for alleged acts of interference, restraint, or coercion with respect to Plaintiffs' rights secured under the CSRA are governed exclusively by the CSRA, specifically, 5 U.S.C. § 7116(b)(1). "A corollary to the well-pleaded complaint doctrine is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir. 2000). "When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003). Here, Plaintiffs' allegations regarding defamation, false light invasion of privacy, tortious interference with contractual relations, and breach of contract are poorly-pleaded counts alleging unfair labor practices.  Consequently, they constitute a federal question.

13. To the extent Plaintiffs are making claims against Defendants regarding the trusteeship of Local 2876, those claims are governed under Section 7120 of the CSRA. 5 U.S.C. § 7120(c); *Reed v. Sturdivant*, 176 F.3d 1051, 1054 (8th Cir. 1999).

14. This Court has original jurisdiction of this matter, pursuant to 28 U.S.C. § 1331, inasmuch as Plaintiffs either expressly or impliedly assert claims related to a federal question or otherwise covered by the CSRA. Thus, removal of this action is proper pursuant to 28 U.S.C. § 1441(a).

15. This Court also has original jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because Defendants AFGE and Local 2876 are citizens of the District of Columbia and Defendant Shakuntla Singla is a citizen of the Commonwealth of Virginia and the matter in controversy exceeds $75,000.  Thus, removal of this action is proper pursuant to 28 U.S.C. § 1441(b).

16. Venue is the appropriate pursuant to 28 U.S.C. § 1446(a) because the U.S. District Court for the District of Maryland is the federal judicial district embracing the Circuit Court for Prince George's County, Maryland where the action was originally filed.

17. By virtue of this Notice of Removal, Defendants do not waive their right either to answer the Complaint and/or assert any claims, defenses, or other motions, including, but not limited to Rule 12 motions permitted by the Federal Rules of Civil Procedure.

18. Written notice of the filing of this Notice will be given forthwith to all adverse parties as required by law.

19. A true copy of this Notice will be filed with the Clerk for the Circuit Court for Prince George's County, Maryland.

Through this Notice, Defendants respectfully remove the instant action now pending in the

Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland.

          Respectfully submitted,

          /s/ Chad E. Harris
          Chad E. Harris
          Bar No. 28846
          Assistant General Counsel
          Office of the General Counsel
          AFGE, AFL-CIO
          80 F Street, N.W.
          Washington, D.C. 20001
          Tel:    (202) 639-6425
          Fax:   (202) 379-2928
          Email: harric@afge.org

September 22, 2022          Counsel for AFGE and Local 2876

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' NOTICE OF REMOVAL was sent this 22nd day of September, 2022 via certified U.S. Mail, return receipt and emailed to

>David S. Wachen
>Wachen LLC
>11605 Montague Court
>Potomac, MD 20854
>david@wachenlaw.com

>_____
>Janice McMillan
>Legal Assistant
>Office of the General Counsel
>AFGE, AFL-CIO