**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF  
DEBORAH L. BOARDMAN  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND 20770  
(301) 344-0637  
MDD_DLBChambers@mdd.uscourts.gov

July 28, 2023

**LETTER ORDER**

RE:   *Mingo v. American Federation of Government Employees, et al.*
      DLB-22-2419

Dear Counsel:

For the reasons stated on the record at yesterday's motions hearing, this case is remanded to the Circuit Court for Prince George's County, Maryland. *See* 28 U.S.C. § 1447(c). I do not address the non-jurisdictional arguments raised in the defendants' motion to dismiss, ECF 20, which must be resolved in the proper forum.

Pursuant to § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." During oral argument, the plaintiffs requested such fees and costs, arguing they should not be required to foot the bill for the "detour" through this Court.

"Absent unusual circumstances," courts may award fees and costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* This rule reflects "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

The defendants had an objectively reasonable basis for seeking removal when they did. At that point in the litigation, the lawsuit involved claims related to the defendants' alleged failure to reimburse the plaintiffs for legal expenses associated with retaliation cases they were pursuing against their employer. The defendants' preemption argument for those claims seems stronger— indeed, the plaintiffs abandoned the claims after the defendants sought their dismissal on the basis of preemption. And while I ultimately determined that removal was improper, that conclusion was not obvious from the outset. As this Court recently noted in denying a request for fees after an unsuccessful removal attempt, the law governing complete preemption is far from clear. *See Alston v. Balt. Gas & Elec. Co.*, No. ELH-22-1061, 2023 WL 1472020, at *30–31 (D. Md. Feb. 1, 2023) (citing *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 233 (2d Cir. 1997)).

*Mingo v. American Federation of Government Employees, et al.*
DLB-22-2419
July 28, 2023
Page 2

      Accordingly, I decline to award the plaintiffs fees and costs incurred as a result of the removal. Each party shall bear its own costs and fees. The Clerk shall effectuate the remand and close the case.

      Although informal, this letter is an Order of the Court and will be docketed as such.

      Sincerely,

      Deborah L. Boardman
      United States District Judge